**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| **CONNIE YAMBERT,**<br>　　　　**Plaintiff,**<br><br>　　vs.<br><br>**OFFICE OF THE SHERIFF OF LEE COUNTY, et al.**<br>　　　　**Defendants.** | Case No. 05 C 50090<br><br>**Magistrate Judge<br>P. Michael Mahoney** |

## MEMORANDUM OPINION AND ORDER

On July 26, 2007, Plaintiff filed the Motion for a Protective Order which is the subject of this order. Having reviewed the parties' respective briefs on the issue and the relevant statutory authority, the court finds that the disputed medical records concerning the decedent's alcohol use are discoverable.

David Callahan passed away while detained in the Lee County Jail on November 14, 2005. An autopsy and toxicology screening later revealed that Mr. Callahan died as a result of acute alcohol withdrawal. The administrator of Mr. Callahan's estate has brought this suit pursuant to 42 U.S.C. §1983 and pursuant to the Illinois Wrongful Death and Survival Acts. Plaintiff acknowledges the fact that Mr. Callahan's death was related to acute alcohol withdrawal. However, it is Plaintiff's position that it was the Defendants' denial of proper medical care to Mr. Callahan while he was detained within the jail that resulted in his death.

In the course of discovery, Defendants subpoenaed a variety of medical records concerning the care and treatment of Mr. Callahan. Much of the material subpoenaed concerns Mr. Callahan's struggle with alcoholism long before his detention in the Lee County Jail.

1

Plaintiff's current motion alleges that this material is protected from disclosure under a variety of state and federal statutes.

I. The Alcoholism and Other Drug Abuse and Dependancy Act:

The Alcoholism and Other Drug Abuse and Dependancy Act provides that:

Records of the identity, diagnosis, prognosis or treatment of any patient maintained in connection with the performance of any program or activity relating to alcohol or other drug abuse . . . shall be confidential and may be disclosed only in accordance with the provisions of federal law and regulations . . . .

20 ILCS 301/30-5(bb)(1998). The parties are in agreement that the applicable federal regulations provide an exception to the confidentiality provided by the Alcoholism and Other Drug Abuse and Dependancy Act where it can be established that: 1) other ways of obtaining the information is not available; and 2) good cause exists. 42 C.F.R. § 2.64.

Looking to the facts of this case, there is no other way of obtaining information concerning the extent of Mr. Callahan's alcoholism. Though the autopsy and toxicology reports indicate generally that he was an alcoholic and various fact witnesses may be able to confirm as much, evidence concerning the extent of his addiction and his own knowledge of his condition is contained within the subpoenaed records.

As to the good cause inquiry, the court must "weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services." 42 U.S.C. § 290dd-2(b)(2)(C); 42 C.F.R. § 2.64. On the need for disclosure side of the balance, Defendants point out that the Illinois wrongful death measure of damages includes the decedent's habits of sobriety in determining pecuniary loss. Defendant's Response at 4 (citing Ill. Pattern Jury Instr., Civ., 31.04; 31.05 (2006 ed.)). Defendants also suggested at

2

the motion hearing conducted on August 1, 2007, that the subpoenaed records are needed in order to identify what the decedent knew of his condition vis-a-vis what he stated on the intake paperwork completed at the jail.  Defendants hope to challenge the sufficiency of Plaintiff's negligence claim by using this otherwise privileged material to demonstrate that the decedent failed to put the jail on notice of his medical condition, despite the fact that he had been told by medical professionals that alcohol withdrawal could be fatal in his case.  On the other side of the good cause inquiry, injury to the patient is virtually non-existent in light of the fact that the patient is deceased.  Because Mr. Callahan is deceased, the physician-patient relationship and the treatment services have been discontinued.  Other than the general policy rationale underlying the statutes, there is virtually nothing weighing against disclosure in this case.

Because other ways of obtaining the evidence are inadequate and because there is good cause for applying the exception to the confidential nature of the subpoenaed records, the court declines to grant Plaintiff's motion insofar as it sought to protect the records under the Alcoholism and Other Drug Abuse and Dependancy Act.

II.  The Mental Health and Developmental Disabilities Confidentiality Act:

The relevant portion of the Mental Health and Developmental Disabilities Confidentiality Act provides that:

> Records or communications may be disclosed in a civil proceeding after the recipient's death when the recipient's physical or mental condition has been introduced as an element of a claim or defense by any party claiming or defending through or as a beneficiary of the recipient, provided the court finds, after in camera examination of the evidence, that it is relevant, probative, and otherwise clearly admissible; that other satisfactory evidence is not available regarding the facts sought to be established by such evidence; and that disclosure is more important to the interests of substantial justice than protection from any injury which disclosure is

likely to cause.

740 ILCS 110/10(2)(1990); 42 U.S.C. §290dd (2006). Plaintiff points out that the treatment and diagnosis of alcoholism falls within the purview of the Mental Health and Developmental Disabilities Confidentiality Act and claims that because she has not placed Mr. Callahan's mental condition at issue, the privileged records are not discoverable.

However, as discussed above, Mr. Callahan's mental condition is relevant to the issue of damages and negligence. In order for Defendants to be capable of bringing their defense based upon the decedent's failure to notify the jail personnel of his condition, Defendants need to be able to establish what the decedent knew of his condition and when he knew it. This information is relevant, probative and seemingly admissible; other avenues to obtaining this information are not adequate, and whatever injury is threatened by disclosure is outweighed by the need for the information.

Plaintiff's Motion for this Protective Order is Denied. The parties are given until September 18, 2007, to draft an appropriate protective order concerning the use of the material ordered produced.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: September 11, 2007